IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00769-BNB

QUINN MCKENZIE JEBE,

    Plaintiff,

v.

BILL RITTER, Governor,
ARISTEDES ZAVARAS, Executive Director,
MARK BROADDUS, Warden/Director,
RICHARD FISHER, Captain & Shift Supervisor,
KIRK KATZENMEYER, Captain & East Unit Supervisor,
MIKE V. MILLER, Sergeant,
TIM HINKLE, Sergeant,
SCOTT MCLAUGHLIN, Medical Provider, and
CATHY BASSETT, Head Nurse,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 4 2007

GREGORY C. LANGHAM
                  CLERK

---

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER
AND FOR PRELIMINARY INJUNCTION

---

Plaintiff Quinn McKenzie Jebe is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Buena Vista, Colorado, Correctional Facility. He filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993) and a motion and affidavit for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006). He also filed a motion titled "Motion to Request Imediate [sic] Injunctive Relief on the Grounds of Defendant Retaliation."

The Court must construe the motion liberally because Mr. Jebe is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. The Court will construe the motion as a motion for a temporary restraining order and a preliminary injunction. For the reasons stated below, the liberally construed motion for a temporary restraining order and a preliminary injunction will be denied.

Mr. Jebe asks this Court to order the DOC to drop the disciplinary charges for fraud pending against him and to order Defendants to cease any further retaliation against him. On the basis of these allegations, he apparently believes he needs the Court's protection.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Mr. Jebe fails to allege any facts that demonstrate he is facing immediate and irreparable injury. Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b). Therefore, the liberally construed motion for a temporary restraining order and a preliminary injunction will be denied. Accordingly, it is

ORDERED that the motion titled "Motion to Request Imediate [sic] Injunctive Relief on the Grounds of Defendant Retaliation" submitted by Plaintiff Quinn McKenzie

Jebe and filed with the Court on April 16, 2007, is construed liberally as a motion for a temporary restraining order and a preliminary injunction. It is

FURTHER ORDERED that the liberally construed motion for a temporary restraining order and a preliminary injunction is denied.

DATED at Denver, Colorado, this 24 day of May, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00769-BNB

Quinn M. Jebe
Reg. NO. 132709
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/24/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk